UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| LINDA COSTELLO,<br><br>          Plaintiff,<br><br>v.<br><br>BEVERLY JOHNSON *et al.*,<br><br>          Defendants. | Civil Action No. 3:11–CV–198 |

## MEMORANDUM OPINION

THIS MATTER is before the Court on the Motion to Dismiss filed by Defendants Beverly Johnson and SP Place One, LP (ECF No. 4). *Pro se* plaintiff Linda Costello alleges that Johnson and SP Place One (collectively, the "Defendants") violated the Fair Housing Act (FHA) by failing to provide accommodations she requested as a result of her disability. She also alleges that Johnson committed a battery against her. The Defendants have moved to dismiss the Complaint in its entirety. After examining the record and the memoranda filed by both parties, the Court finds that oral argument is unnecessary because the facts and contentions are adequately presented and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons discussed below, the Court will grant the motion.

### I. BACKGROUND

**A. Complaint and Attachment**

1

*Pro se* plaintiff Linda Costello filed this action against Beverly Johnson and SP Place One, LP, in March 2011. The Complaint, which is a two-page handwritten document, does not state any causes of action. Instead, it briefly describes how Defendant Beverly Johnson, manager of Place One, "bumped (slammed) into [the Plaintiff] so hard that [the Plaintiff] almost fell." (Compl., ECF No. 1, at 2). The Complaint makes no mention of Defendant SP Place One, LP.

Costello attached to her Complaint a housing discrimination complaint that she appears to have filed with the United States Department of Housing and Urban Development (HUD) in 2010. (HUD Compl., ECF No. 1-1). Costello's Complaint does not mention or refer to this document or any allegation contained in it. In the HUD complaint, Costello alleges that Place One Apartments discriminated against her on the basis of disability by having "discriminatory terms, conditions, privileges, or services and facilities" and by failing to make reasonable accommodations. (ECF No. 1-1, at 1). The HUD complaint states that Costello has had mold and mildew in her apartment since 2002 and that they have affected her "health issues," which appear to be heart disease, emphysema, and asthma. *Id.* at 2. She also alleges that her doctor directed her to move out of the apartment. She provides multiple dates for the discrimination, including 2002 ("the Complainant alleges that since 2002, she has been dealing with mold and mildew issues in her apartment," *id.* at 2); August 15, 2009 (identified as "[t]he most recent date on which the alleged discrimination occurred," *id.*); and February 5, 2010 ("The Complainant alleges that the mold and mildew issues are still a problem as of February 5, 2010," *id.*). In a handwritten addition to the HUD complaint, Costello claims that the "housing

discrimination, disability discrimination, and discrimination with violence, neglect and abuse, by Beverly Johnson, began on January[] 2009 and are continuing." *Id.* at 3.

**B. <u>Motion to Dismiss</u>**

The Defendants filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The Defendants argue that Costello failed to make specific jurisdictional allegations, that the Court lacks subject matter jurisdiction over an apparent battery claim, that the Complaint is barred by the applicable statute of limitations, and that the Complaint fails to allege any facts sufficient to show discrimination under the Fair Housing Act.

The Plaintiff responded with a 28-page handwritten document. In the response, she states that the Defendants have violated Section 504 of the Rehabilitation Act of 1973, Title II of the Americans with Disabilities Act of 1990, Title VI of the Civil Rights Act of 1964, Title I of the Housing and Community Development Act of 1974, Executive Order 11063, the Fair Housing Act, and Title VIII of the Civil Rights Act of 1968. She appears to focus her argument on the battery and housing discrimination claims, alleging that the Defendants' failure to remediate mold is affecting her respiratory problems and interfering with her daily activities. She alleges that she has requested two reasonable accommodations to remediate the mold problem: replacing her cabinets and contacting a mold removal specialist.

After the Defendants filed their reply brief, the Plaintiff filed a 19-page handwritten supplemental response. The Defendants object to this supplemental response because the

Plaintiff failed to request the Court's permission to file the document and because she raises new facts that are irrelevant to the issues raised in the motion to dismiss.

Costello's response and supplemental response are both disjointed and largely unresponsive to the motion to dismiss. Rather than present legal arguments regarding the sufficiency of the Complaint, the Plaintiff essentially acknowledges its inadequacies and presents an entirely new set of factual allegations and legal claims.[1]

## II. **LEGAL STANDARD**

Rule 12 allows a defendant to raise a number of defenses to a claim for relief at the pleading stage. Among these are the defenses that a court lacks subject-matter jurisdiction over the case, *see* Fed. R. Civ. P. 12(b)(1), and that the pleadings fail to state a claim upon which the Court can grant relief, *see* Fed. R. Civ. P. 12(b)(6). A court must typically construe the pleadings of a *pro se* plaintiff liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), especially when the plaintiff alleges civil rights violations. *Brown v. N.C. Dep't of Corrections*, 612 F.3d 720, 724 (4th Cir. 2010); *also Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nonetheless, a court considering a motion to dismiss must still evaluate the *pro se* plaintiff's pleadings according to the standards developed under Rule 8. *Davis v. Bacigalupi*, 711 F. Supp. 2d 609, 615 (E.D. Va. 2010). In doing so, the Court may not construct legal arguments that the plaintiff has not made. *Farabee v. Feix,* 119 Fed. App'x 455, 458 n.2 (4th Cir. 2005); *also Adam v. Wells Fargo Bank, N.A.*, No. 1:09–CV–2387, 2010 WL 3001160 (D. Md. July 28, 2010).

---

[1] In her response, Costello appears to attempt to set forth claims of retaliation under the Fair Housing Act. *See* 42 U.S.C. § 3617. She does not, however, raise retaliation as a claim in her Complaint or in the HUD complaint. As discussed below, the Court concludes that Costello has failed to plead facts showing that her requests for mold remediation were protected by the FHA. Accordingly, the Court will not consider the retaliation claim.

A. **Rule 12(b)(1)**

On a motion to dismiss pursuant to Rule 12(b)(1), defendants may attack subject-matter jurisdiction by contending that the complaint fails to sufficiently allege facts upon which the Court may make a finding of subject-matter jurisdiction, or they may contend that the jurisdictional facts are untrue. *King v. Riverside Reg'l Med. Ctr.*, 211 F. Supp. 2d 779, 780 (E.D. Va. 2002). In both situations, the burden is on the plaintiff, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

If the defendant asserts that the complaint fails to allege sufficient jurisdictional facts, then the facts alleged in the complaint are assumed to be true. *King*, 211 F. Supp. 2d at 780. "The court construes all facts in favor of the plaintiff, and it relies solely on the pleadings, disregarding affidavits or other materials." *Id.* (citing *Adams*, 697 F.2d at 1219). If, however, the defendant asserts that the jurisdictional facts are not true, "no presumption of truthfulness attaches to the allegations in the complaint, and the trial court must weigh the evidence presented and evaluate for itself the merits of the jurisdictional claims." *Id.* (citing *Arthur Young & Co. v. City of Richmond*, 895 F.2d 967, 971 n.4 (4th Cir. 1990)).

B. **Rule 12(b)(6)**

Where a motion pursuant to Rule 12(b)(6) contends that a plaintiff's pleadings are insufficient to show entitlement to relief, a court must resolve the motion by reference to the allegations in the complaint. *See Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). The question then before the court is whether the complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief" in both "law and fact." *Id.* at 192-93.

5

The pleadings need not be supported by evidence but must "state a claim to relief *that is plausible on its face.*" *Id.* at 193 (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). A plausible claim is one that contains more than just "unadorned, the-defendant-unlawfully-harmed-me-accusation[s]." *Iqbal*, 129 S.Ct. at 1949. If the complaint alleges—directly or indirectly—each of the elements of a viable legal theory, the plaintiff should be given the opportunity to prove that claim.

In resolving a 12(b)(6) motion, a court must regard as true all of a plaintiff's well-pled allegations, *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), as well as any facts that could be proven consistent with those allegations, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In contrast, the court does not have to accept legal conclusions couched as factual allegations, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), or "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). *See also Iqbal*, 129 S. Ct. at 1950. With these principles in mind, a court must ultimately ascertain whether the plaintiff has stated a plausible, not merely speculative, claim for relief.

### III. DISCUSSION

**A. Supplemental Response**

Under Rule 7(F) of the Local Rules of Civil Procedure, parties must receive leave of court to file briefs beyond the initial memorandum, response, and reply. The Defendants object to Costello's 19-page supplemental response. (ECF No. 9). Because this document is largely unresponsive to the Defendants' legal arguments and because Costello's *pro se* status does not completely exempt her from the Court's procedural rules, the Court has not

considered this document. *See Davis*, 711 F. Supp. 2d at 615 (noting that "the Supreme Court has made clear that it 'ha[s] never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel'").

B. **Fair Housing Act Claim** (Rule 12(b)(6))

The Fair Housing Act, as amended by the Fair Housing Amendments Act of 1988, (FHA) prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services of facilities with such dwelling, because of a handicap." 42 U.S.C. § 3604(f)(2). Such discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." *Id.* § 3604(f)(3)(b). To state a claim for failure to provide reasonable accommodations, a plaintiff must plead facts showing that the requested accommodation is "(1) reasonable and (2) necessary (3) to afford handicapped persons equal opportunity to use and enjoy housing." *Bryant Woods Inn, Inc. v. Howard County, Md.*, 124 F.3d 597, 603 (4th Cir. 1997). A reasonable accommodation is one that is "both efficacious and proportional to the costs to implement it." *Matarese v. Archstone Pentagon City*, 761 F. Supp. 2d 346, 364 (E.D. Va. 2011) (citing *Wis. Cmty. Servs., Inc. v. City of Milwaukee*, 465 F.3d 737, 749 (7th Cir. 2006)). A necessary accommodation is one that is directly linked to the equal opportunity to be provided to the disabled person; "if the proposed accommodation provides no direct amelioration of a disability's effect, it cannot be said to be 'necessary.'" *Bryant Woods Inn, Inc.*, 124 F.3d at 604 (citing *Bronk v. Ineichen*, 54 F.3d 425, 429 (7th Cir. 1995)). Finally, the FHA only requires that disabled persons have equal opportunities in

7

housing. Therefore, "not every practice that creates a general inconvenience or burden on the person with a handicap needs to be modified." *Matarese*, 761 F. Supp. 2d at 364.

The Defendant has moved to dismiss the Plaintiff's FHA claim on two grounds: (1) that any applicable statute of limitations has expired and (2) the Plaintiff has not pled facts sufficient to show discrimination.

### 1. Statute of Limitations

The FHA has a two-year statute of limitations for aggrieved persons bringing civil suits. 42 U.S.C. § 3613(a)(1)(A). The time to file a civil suit is tolled while an administrative proceeding is pending. *Id.* § 3613(a)(1)(B). When a continuing violation is alleged, each new, discrete occurrence of discrimination revives the statute of limitations. *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380-81 (1982). In the Fourth Circuit, a "continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." *Nat'l Adver. Co. v. City of Raleigh*, 947 F.2d 1158, 1166 (4th Cir. 1991).

Although the Plaintiff contends that her claims are not barred by the two-year statute of limitations, her pleadings state facts that prove otherwise. In her HUD complaint, Costello clearly states "that since 2002, she has been dealing with mold and mildew issues in her apartment" and that Johnson "has never resolved the mold and mildew problems." (ECF No. 1-1, at 2). Thus, rather than alleging that new, discrete acts of discrimination have occurred within the past two years, Costello's claims are that the Defendants failed to satisfy her 2002 request to remediate mold. In *Jersey Heights Neighborhood Association v. Glendening*, the Fourth Circuit held that "every refusal to reconsider [a decision] does not revive the limitations period for the original . . . decision." 174 F.3d 180, 189 (4th Cir. 1999). Allowing Costello to claim that each repeated complaint revived the statute of

8

limitations would relieve her of her "duty of reasonable diligence in pursuing [her] claims." *Id.* at 1168.

Perhaps with some recognition that the 2002 date would prove problematic, in her response to the motion to dismiss Costello alleges that the mold problems began in January 2009, when "Costello found mold under the kitchen sink (and lead). This was the beginning." (Resp., ECF No. 6, at 6). She then alleges that a building inspector visited her apartment in February, March, and August 2009 and found mold. Viewed in the light most favorable to Costello, these visits are simply evidence that her initial request to remediate mold had not been satisfied. Costello also claims that on multiple occasions she asked Johnson to address the mold problems, including in January 2009 and on March 5, 2009, when she asked Johnson to contact a mold removal specialist. According to Costello, these problems continued to exist in August 2009 and through the filing of her complaint in March 2011.

To plead facts showing that the statute of limitations does not bar her claim for relief under the FHA, Costello would need to allege that *new* acts of discrimination began on or after March 30, 2009. Her pleadings show that she was aware of the mold problem in January 2009, at the latest, and that Johnson failed to address the problem after being advised of it that month and again on March 5, 2009. Because these dates precede the filing of her Complaint by more than two years, Costello's FHA claim is barred by the statute of limitations.

### 2. Substantive Claim

Even if the statute of limitations did not bar Costello's claim, the Court would grant the Defendants' motion to dismiss the FHA claim because the failure to remediate mold is

9

not a plausible basis for a claim of discrimination under the Fair Housing Act. Landlords have an obligation to remediate mold for *all* tenants. *See* Va. Code Ann. § 55-248.13(A)(5). Thus, it is not plausible that mold remediation is a "reasonable accommodation" as defined by the FHA. It follows that the failure to remove mold and mildew would not give rise to a claim for discrimination through failure to provide a reasonable accommodation.

Several cases in which courts found that a failure to remediate mold does not constitute discrimination under the FHA support this conclusion. In *Lee v. McCreary*, the court dismissed a *pro se* plaintiff's claim of failure to provide reasonable accommodations, including mold remediation, because "[t]he types of accommodation contemplated by the FHA are those that address problems caused by a person's handicap." No. 1:09-CV-2271, 2010 WL 925173, at *5 (N.D. Ga. Mar. 8, 2010) (unpublished opinion). The court held that the "accommodations" requested by the plaintiff were duties owed to *all* tenants and thus, not appropriate for a discrimination claim under the FHA. *Id.*; *see also Lee v. A& W Pritchard Enters., Inc.*, No. 3:07-CV-514, 2009 WL 3484068, at *2-3 (W.D. Ky. Oct. 23, 2009). Similarly, the court in *McManus v. Cherry* dismissed a *pro se* plaintiff's complaint because "allowing mold to form in [p]laintiff's apartment does not demonstrate discrimination based upon a disability but rather only a possible claim for breach of duty created either under state tort law or under the lease." No. 1:08-CV-110, 2010 WL 5638108, at *5 (N.D. Fla. Nov. 19, 2010).

In contrast to these cases, the court in *Ogundimo v. Steadfast Property & Development, Inc.,* found that a plaintiff alleging failure to remediate mold properly stated a claim. In that case, the *pro se* plaintiff alleged that her landlord tasked her with continuing mold remediation, despite knowing that her mobility impairment prevented her from remediating the mold and knowing that the unremediated mold in her apartment

exacerbated her asthma and her son's asthma. No. 1:09-CV-231, 2009 WL 650550, at *3 (E.D. Cal. Mar. 12, 2009). After screening the complaint while considering the plaintiff's motion for leave to file *in forma pauperis*, the court found that the landlord's response to the requested accommodation was so inappropriate that it had essentially rejected the request for a reasonable accommodation. *Id.* at *4. *Ogundimo* is distinguishable from the other cases in which courts have found that failure to remediate mold does not give rise to a cause of action for discrimination under the FHA. In *Ogundimo*, the plaintiff alleged that her *mobility* impairment did not permit her to *continue* to remediate the mold in her apartment and that her landlord's refusal to accommodate her mobility impairment negatively affected her asthma. In contrast, the plaintiffs in *Lee* and *McManus*—like Costello—simply alleged that the landlord's failure to remediate mold was discrimination.

Because the "reasonable accommodation" Costello has identified—mold remediation—is not the type of accommodation provided for by the FHA, the Court would have dismissed the Plaintiff's claim on substantive grounds if it were not procedurally barred.[2]

C. **Battery Claim** (Rule 12(b)(1))

---

[2] The Court is aware of *Matarese v. Archstone Pentagon City*, in which a plaintiff's claims of discrimination through failure to provide reasonable accommodations survived to the summary judgment stage. In that case, however, the plaintiff's alleged disabilities included "chemical sensitivities to paint fumes, tobacco smoke, and mold; chronic fatigue syndrome; and fibromyalgia." 761 F. Supp. 2d at 352. She requested numerous accommodations, including the use of special paint in her unit, replacing weather stripping around her apartment door to block smoke, repairing a ventilation system, and remediating mold. The court focused its analysis on the accommodations due to the chemical sensitivities to paint fumes and tobacco smoke, only mentioning to failure to remediate mold in a footnote. *See id.* at 355 n.6. Unlike the plaintiff in *Matarese*, Costello alleges only that the failure to remediate mold was discrimination under the FHA.

The Defendants argue that Costello has failed to allege or plead any facts showing that this Court has subject matter jurisdiction over the battery claim. Assuming that Costello would have plead supplemental jurisdiction, the Defendants argue that she does not show that the alleged assault and housing discrimination are "part of the same case or controversy." *See* 28 U.S.C. § 1367(a). The Plaintiff responds that because Johnson was in her apartment due to her complaints about mold and because mold remediation was a reasonable accommodation, the Court should have jurisdiction. (Resp., ECF No. 6, at 7-9).

Because Costello has not stated a plausible claim for discrimination under the FHA, the Court declines to exercise supplemental jurisdiction. *See Workman v. Mingo County Bd. of Educ*, 419 Fed App'x 348, 356 (4th Cir. 2011)*.*

### IV. **CONCLUSION**

For these reasons, the Court GRANTS the motion to dismiss.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

> _____/s/_____
> James R. Spencer
> Chief United States District Judge

ENTERED this \_\_\_29th\_\_\_ day of August 2011.